**SIGNED THIS: October 18, 2005**

_____
**LARRY LESSEN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | In Bankruptcy |
| BRIAN R. SCHOEMPERLEN and | ) | |
| TAMMY JO SCHOEMPERLEN, | ) | Case No. 04-75046 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| JEFFREY D. RICHARDSON, | ) | |
| Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 05-7096 |
| | ) | |
| BRIAN R. SCHOEMPERLEN, | ) | |
| | ) | |
| Defendant. | ) | |

**O P I N I O N**

The issue before the Court is whether the Debtor's discharge

-1-

should be revoked pursuant to 11 U.S.C. § 727(d)(2) where he spent a $5,000 inheritance which he received within six months of filing bankruptcy despite instructions to the contrary from the Trustee and his attorney, but repaid the money to the Trustee on the eve of trial.

The material facts are not in dispute. The Debtors, Brian and Tammy Schoemperlen, filed a petition pursuant to Chapter 7 of the Bankruptcy Code on November 12, 2004. The Plaintiff, Jeffrey Richardson, is the Debtors' Chapter 7 Trustee.

A meeting of creditors was held on December 14, 2004. Near the end of the meeting, the Trustee asked the Debtors if they expected to inherit any money within the next 180 days. After the Debtors responded that they had no such expectation, the Trustee instructed the Debtors to immediately contact the Trustee if they should inherit any money in that time period.

The Trustee filed a no-asset report on December 15, 2004. The Debtors received their discharge on February 17, 2005, and the case was closed on February 28, 2005.

The Trustee was notified by correspondence from the Debtors' attorney that Mr. Schoemperlen received a $5,000 inheritance due to the death of his grandmother. Mr. Schoemperlen was instructed by his attorney to place the money in a bank account. Instead, Mr. Schoemperlen spent $3,900 of those funds and, through his attorney, informed the Trustee that he had only $1,100 left. The Trustee

instructed Mr. Schoemperlen to turn over the $1,100, but he was told that those funds had also been spent.

On March 25, 2005, the Trustee filed a motion to require the Debtors to turn over the $5,000. On April 13, 2005, the Court entered an Order requiring Mr. Schoemperlen to turn over $4,515 (the $5,000 less the Debtor's available wild-card exemption) by May 7, 2005. The Order noted that future actions may be taken to revoke the discharge.

When the Debtor did not pay the $4,515 by May 7, 2005, the Trustee commenced this adversary proceeding to deny the discharge of Brian Schoemperlen and for a money judgment of $4,515 plus costs of suit. The complaint to deny the discharge is brought pursuant to 11 U.S.C. §§ 727(a)(2)(B) and (a)(6), but, because the discharge has already issued, the Court has construed the complaint as one to revoke the discharge of Mr. Schoemperlen pursuant to 11 U.S.C. § 727(d)(2). The Debtor admitted receiving the $5,000 inheritance, and notifying the Trustee of said receipt. The Debtor stated that he spent the money because he was out of work and had no other income for living expenses. He did not repay the funds to the Trustee because he no longer had them. He requested that his discharge not be revoked and that arrangements could be made to repay the money.

Trial was set for August 4, 2005. At this time, the Trustee informed the Court that he received a check from Mr. Schoemperlen,

-3-

but he did not know yet whether the check was good. At a continued hearing on August 31, 2005, the Trustee informed the Court that Mr. Schoemperlen's check for $4,515 had cleared. This resolved the turnover part of the Trustee's complaint. The Court took the issue of Mr. Schoemperlen's discharge under advisement.

11 U.S.C. § 727(d)(2) provides as follows:

> d.  On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if –
>
> . . . .
>
> (2)  the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee(.)

The Trustee has the burden of proving by a preponderance of the evidence both the acquisition of property which becomes property of the estate and the knowing and fraudulent failure to either report the acquisition or deliver the property to the trustee. In re Yonikus, 974 F.2d 901, 905 (7th Cir. 1992); In re Barr, 207 B.R. 168, 173 (Bankr. N.D. Ill. 1997).

The parties agree that Mr. Schoemperlen inherited $5,000 from his grandmother and that he became entitled to this inheritance within 180 days of filing his bankruptcy petition. 11 U.S.C. § 541(a)(5)(A) provides that property of the estate includes:

> (5)  Any interest in property that would have been

>     property of the estate if such interest had been an
>     interest of the debtor on the date of the filing of the
>     petition, and that the debtor acquires or becomes
>     entitled to acquire within 180 days after such date –
>
>          (A)  by bequest, devise or inheritance(.)

Thus, Mr. Schoemperlen acquired property that was property of the estate.

Mr. Schoemperlen reported the inheritance to the Trustee, but he failed to deliver it to the Trustee. The failure to deliver the inheritance to the Trustee was knowing and fraudulent. The Trustee advised Mr. Schoemperlen at the meeting of creditors of his obligations regarding any inheritance that he might receive within 180 days of filing his bankruptcy petition. Mr. Schoemperlen was also instructed by his attorney not to spend the money. Mr. Schoemperlen chose to ignore the instructions of the Trustee and his attorney and spent the money. Mr. Schoemperlen also chose to disobey the Court's Order of April 13, 2005, directing the turnover of $4,515 by May 7, 2005. Under these circumstances, the Court finds that Mr. Schoemperlen knowingly and fraudulently failed to deliver or surrender property of the estate to the Trustee. In re Connor, 288 B.R. 807, 809 (Bankr. S.D. Ill. 2002).

The Court notes that Mr. Schoemperlen turned over $4,515 to the Trustee on the eve of trial. However, the eventual turnover of the funds did not cure Mr. Schoemperlen's original failure to turn over the funds. In re Reese, 203 B.R. 425, 431-32 (Bankr. N.D. Ill. 1997); In re Bennett, 126 B.R. 869 (Bankr. N.D. Tex. 1991).

*See* In re Delco, 327 B.R. 491, 492 (Bankr. N.D. Ga. 2005). The eventual turnover was seven or eight months after the Trustee's original request for the turnover, and more than three months after the Court-ordered deadline for the turnover. Mr. Schoemperlen's failure to timely turnover the inheritance to the Trustee forced the Trustee to file a motion for turnover and then to commence this adversary. The Trustee should not have to go through this much trouble merely to get a debtor to do what the Bankruptcy Code requires of a debtor. *See* Bankruptcy Rule 4002(4).

For the foregoing reasons, the discharge of Brian Schoemperlen is revoked and the complaint for money judgment is denied as moot.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###

-1-